UNION PACIFIC RAILROAD
COMPANY, Plaintiff,

v.

CITY OF LAS VEGAS, a Municipal corporation of the State of
Nevada, Defendant.

No. CV–S–85–932–HDM.

United States District Court,
D. Nevada.

May 12, 1989.

James F. Pico, Miles Pico & Mitchell, Las Vegas, for plaintiff, Union Pacific R. Co.

George Ogilvie, Las Vegas, Nev., for defendant, City of Las Vegas.

ORDER GRANTING PLAINTIFF'S RE-
QUEST FOR DECLARATORY JUDG-
MENT AND PERMANENT INJUNC-
TION

McKIBBEN, District Judge.

Plaintiff, UNION PACIFIC RAILROAD COMPANY'S, (hereinafter referred to as "UPRR") Request for Declaratory Judgment and Permanent Injunction, having been submitted for judgment on the pleadings and having come on for hearing on February 23, 1989, MILES PICO & MITCHELL, James F. Pico, Esq., appearing as counsel for Plaintiff, and George Ogilvie, Esq., appearing as counsel for Defendant, CITY OF LAS VEGAS, (hereinafter referred to as "City"), and the Court having considered the Complaint herein, all

of the Memoranda of Points and Authorities and the affidavits previously submitted in support of and in opposition to the Motion for Preliminary Injunction, the Supplemental briefing by the parties and arguments of counsel during said hearing;

NOW THEREFORE, the Court adopts the following Findings of Fact and Conclusions of Law, and makes the following Order, all based on the record before the Court:

## FINDINGS OF FACT

The Court finds:

1. That Plaintiff, UPRR, is an interstate common carrier by rail, which operates as a railroad in interstate commerce into, out of and through Nevada including Las Vegas.

2. That Defendant Las Vegas is a municipal corporation operating under the laws of the State of Nevada.

3. That Bill Number 85–34 in Title 9 of the Municipal Code of the City of Las Vegas, Ordinance Number 3190, (hereinafter referred to as "Ordinance"), relating to the transportation of hazardous materials was enacted on September 6, 1985.

4. That Congress, by enacting the Hazardous Materials Transportation Act (HMTA), 49 U.S.C.App. Section 1801 *et seq.*, sought to govern the interstate transportation of hazardous materials in a uniform manner and by virtue of 49 U.S.C. App. Section 1811, sought to preempt the field of interstate transportation of hazardous materials in all but very limited cases. Congress further delegated to the Department of Transportation (DOT) the authority to enforce said act and to issue pervasive regulations which DOT has done in the form of Hazardous Materials Regulations (HMR). 49 C.F.R. Parts 171–179.

5. That the Ordinance definitions of hazardous materials differ from the definitions imposed by the regulations implementing the Hazardous Materials Transportation Act.

6. That Section 9.36.060 of the Ordinance requires a transporter like UPRR to obtain a hazardous materials transportation permit by applying for a permit sixty (60) days prior to the date of movement of certain hazardous materials through, within and out of the City. The Ordinance further requests specific information that UPRR would not have available to it. UPRR cannot comply with the sixty (60) day notice and application requirement of the Ordinance and still be in compliance with Federal statutes and regulations governing common carriers of interstate commerce transporting hazardous materials.

7. That Sections 9.36.070 and 9.36.120 of the Ordinance delegate to the Department of Fire Services the unilateral right to deny, suspend or otherwise revoke UPRR's transportation of hazardous materials through Las Vegas, based on either inadequate training or inability of the Fire Services Department to respond to certain unnamed hazardous spills or because of some undefined hazardous condition, without providing any standards or guidelines. These Ordinance provisions are vague and, ambiguous and grant unfettered discretion to the Fire Services Department.

8. That Section 9.36.080 of the Ordinance requires an applicant for a hazardous transport permit to pay a "reasonable fee" according to a schedule adopted by the City Council but places virtually limitless discretion with the Fire Services Department to determine what costs and expenses should be factored into the fee schedule. This fee provision is bereft of any standards and makes a reasonable fee indeterminable.

9. That enforcement of the Ordinance would create a substantial detriment and impose a substantial burden on to UPRR's ability to meet the Federal requirements of a regulated common carrier of interstate commerce and still comply with the requirements of the Ordinance.

10. That UPRR demonstrated irreparable harm as UPRR would be subject to criminal sanctions and interruption of its rail operations if it violates an Ordinance with which it can not comply while still being in compliance with Federal regulations.

## CONCLUSIONS OF LAW

The Court concludes:

1. That the Court has jurisdiction of the parties and subject matter.

2. That as a result of the Congressional determination that there is a need for uniformity of regulation over the transportation of hazardous materials in interstate commerce, as expressed in the HMTA and HMR, and because the effect of the Ordinance is to impermissibly delay or virtually stop the transportation of hazardous materials into, through, within and out of Las Vegas, the Ordinance, on its face, is inconsistent with the HMTA and HMR and is preempted under the HMTA (49 U.S.C. App. Section 1811). Therefore, the Ordinance is unconstitutional and invalid under the Supremacy Clause, Article VI, Section 2, of the United States Constitution.

3. That the Ordinance affects, unreasonably interferes with and unduly burdens the free flow of the classes of hazardous materials specified in the Ordinance in the stream of interstate commerce, because, on its face the Ordinance prohibits transportation into and through Las Vegas unless a permit to transport is obtained from the Fire Services Department, even though all federal DOT regulations are being met by UPRR and its shippers or connecting carriers. Therefore, the Ordinance is unconstitutional and invalid under the Commerce Clause, Article I, Section 8, of the United States Constitution.

4. That the Ordinance is unconstitutional on its face in that it is vague, uncertain and fails to establish any reasonably ascertainable standards to determine whether compliance can be accomplished, contrary to the due process clause of the Fourteenth Amendment to the United State Constitution in that the Ordinance gives the Department of Fire Services unfettered discretion to impede or prevent hazardous material shipments before and after a permit is issued; that even if UPRR could determine the requirements of the Ordinance, the requirements are so inconsistent and burdensome that UPRR could not comply with them and meet its federally-imposed obligations as a common carrier by rail; that the Ordinance does not provide adequate notice to allow compliance with its terms, yet imposes penal sanctions for failure to comply.

5. That UPRR is engaged in interstate commerce and hazardous materials transportation as specified in the Ordinance. As a result of the impermissible unconstitutional provisions of the Ordinance, UPRR may be subject to criminal enforcement action and fines or unwarranted interruptions of its business operations. Therefore, UPRR is threatened with immediate and irreparable harm and has no adequate remedy at law.

6. That an Order granting Plaintiff Judgment on its Complaint should be entered.

## ORDER AND FINAL JUDGMENT

Based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED AND DECLARED that Ordinance No. 3190 of the City of Las Vegas, Nevada, on its face and as applied to Union Pacific, is preempted by federal law, is unconstitutional under the Commerce Clause, Article I, Section 8, and under the Due Process Clause of the 14th Amendment of the U.S. Constitution and is therefore void and unenforceable;

IT IS FURTHER ORDERED that the application for a permanent injunction is granted. A Permanent Injunction shall issue and the City of Las Vegas, its agents, employees and all other persons, firms or corporations acting or claiming to act on its behalf are permanently enjoined and restrained from enforcing any part of Ordinance Number 3190 as it is presently drafted or imposing any criminal sanctions on UNION PACIFIC RAILROAD COMPANY for not complying with the provisions of Ordinance Number 3190, Bill Number 85–34 found in Title 9 of the Municipal Code of Las Vegas, Nevada.

IT IS FURTHER ORDERED that the Preliminary Injunction and the requirement entered April 14, 1986, that Plaintiff, UNION PACIFIC RAILROAD COMPANY,

provide a bond in the amount of $1,000.00 pursuant to FRCP 65(c) are hereby dissolved and said bond is exonerated.

IT IS SO ORDERED.